Marc Toberoff (CA State Bar No. 188547)
  *mtoberoff@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Attorneys for Plaintiffs,
JAMES E. THOMAS and JOHN C. THOMAS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. THOMAS, an individual; and JOHN C. THOMAS, an individual,<br><br>            Plaintiffs,<br><br>     vs.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION, a corporation; TFCF CORPORATION, a corporation; TFCF ENTERTAINMENT GROUP, LLC, a corporation; 20TH CENTURY STUDIOS, INC., a corporation; THE WALT DISNEY COMPANY, a corporation; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No.: 21-02720 LB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENJOIN SECOND-FILED ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  May 27, 2021<br>Time:  9:30 a.m.<br>Ctrm:  B, 15th Floor<br><br>Hon. Laurel Beeler, Magistrate Judge |

---

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO ENJOIN SECOND-FILED ACTION

**TO ALL PARTIES AND COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT** on May 27, 2021, at 9:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom B of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Ave., 15th Floor, San Francisco, CA 94102, Plaintiffs James E. Thomas and John C. Thomas (collectively, the "Plaintiffs") will and hereby do move to enjoin Twentieth Century Fox Film Corporation ("TCFFC") pursuant to Fed. R. Civ. P. 65 and the first-to-file rule (the "Motion").

The Motion seeks to enjoin Defendant TCFFC, its officers, agents, servants, employees, and attorneys, and all those acting in active participation with TCFFC, from any further activity in a subsequently-filed, duplicative action in the United States District Court for the Central District of California, styled *Twentieth Century Fox Film Corporation v. Thomas, et al.*, Case No. 2:21-cv-03272 (the "Second-Filed Action") and from interfering with this Court's jurisdiction or commencing any other action that presents issues relating to this action.

## I.  INTRODUCTION

Plaintiffs herein seek to enjoin TCFFC and stop its efforts to undermine this Court's priority jurisdiction to decide this case that Plaintiffs properly filed here first. Plaintiffs filed this action seeking a declaration that their termination notice served on TCFFC pursuant to the United States Copyright Act, 17 U.S.C. § 203(a), is valid. Plaintiffs filed after TCFFC indicated that it would not comply with Plaintiffs' statutory termination on the eve of its effective date. Plaintiffs filed this action on April 15, 2021 at 2:18 p.m. Two hours later, TCFFC raced to the Central District of California and filed a duplicative, mirror-image action at 4:19 p.m. (the "Second Filed Action"). The Second-Filed Action seeks declaratory relief identical to Plaintiffs' action, but in TCFFC's favor—*i.e.*, TCFFC seeks a declaration that Plaintiffs' copyright termination notice is invalid as a matter of law.

Accordingly, the "first-to-file" rule applies. First, this Court is the undisputed first-filed forum. Second, both actions involve the same or substantially similar parties and issues. And third, there are no equitable reasons for why the well-established first-to-file rule should

be disregarded. The two actions are based on largely undisputed facts, involve just a handful of relevant documents, and present identical questions of law. The relevant "evidence" in either case is Plaintiffs' copyright termination notice(s), which will be analyzed under section 203(a) of the Copyright Act. Therefore, under Fed. R. Civ. P. 65 and the first-to-file doctrine, this Court has the power to enjoin TCFFC from proceeding with their duplicative Second-Filed Action. Plaintiffs' Motion seeks to invoke that power to protect their statutory rights and remedies, as well as their choice of forum.

## II.     STATEMENT OF ISSUE

Whether this Court should exercise its power under the first-to-file doctrine to enjoin TCFFC from engaging in any further activity in the Second-Filed Action and from commencing any other action that presents issues relating to this action.

## III.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

The facts in this case are straightforward and largely undisputed. The parties agree that in or about 1984, Plaintiffs co-authored the original motion picture screenplay entitled "Hunters" (the "Screenplay"). ECF No. 1, ¶ 27; Declaration of Marc Toberoff ("Toberoff Decl."), ¶ 2, Exh. A, ¶ 14. On April 16, 1986, Plaintiffs transferred their rights under copyright in and to the Screenplay to TCFFC (the "1986 Grant"). ECF No. 1, ¶ 28; Toberoff Decl., ¶ 2, Exh. A, ¶ 16. TCFFC thereafter produced the derivative feature-length motion picture based upon the Screenplay, entitled "Predator", which was released in theaters in June, 1987. ECF No. 1, ¶ 29; Toberoff Decl., ¶ 2, Exh. A, ¶ 20. On June 9, 2016, Plaintiffs availed themselves of their termination rights under the U.S. Copyright Act by serving a notice of termination pursuant to 17 U.S.C. § 203(a) on TCFFC and closely-related corporate entities (the "Termination Notice") to statutorily terminate the 1986 Grant. ECF No. 1, ¶ 31; Toberoff Decl., ¶ 2, Exh. A, ¶ 25. The Termination Notice bore an effective termination date of April 17, 2021, meaning Plaintiffs would recapture all rights under copyright in and to their Screenplay on that date. ECF No. 1, ¶ 33; Toberoff Decl., ¶ 2, Exh. A, ¶ 25.

The Termination Notice was served on TCFFC (and related Defendants), nearly five years in advance of the April 17, 2021 termination date. *Id.* For *four and one-half (4½)*

*years*, TCFFC did not object to the Termination Notice in any respect. Toberoff Decl., ¶ 3. Then, on January 13, 2021, TCFFC and the other Defendants served a "counter-notice" on Plaintiffs, contesting the Termination Notice, and on March 25, 2021, new counsel for TCFFC and the other Defendants served a similar "counter-notice." Toberoff Decl., ¶ 4.

On April 15, 2021 at 2:18 p.m., Plaintiffs filed the instant action, seeking declaratory relief that their Termination Notice is valid and related injunctive relief. ECF No. 1; Toberoff Decl., ¶ 5, Exh. B. Two hours later, at 4:19 p.m., TCFFC raced to the Central District of California and filed the duplicative Second-Filed Action, seeking mirror-image declaratory relief that the Termination Notice is invalid. Toberoff Decl., ¶ 6, Exh. C. Plaintiffs now bring this motion to enjoin TCFFC based on the "first-to-file" rule from depriving Plaintiffs of their chosen forum and proceeding with the Second-Filed Action.

## IV.   ARGUMENT

### A.   TCFFC Should be Enjoined from Proceeding in the Second-Filed Action

It is axiomatic under the "first-to-file" rule that when dueling cases involving the same parties and issues are filed in two different districts, preference is given to the party who filed first. *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013) (citing *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). "The first-to-file rule was developed to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (internal quotation marks omitted); *see also Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (same). "When two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with the second action." *Pacesetter*, 678 F.2d at 94-95.

Under FRCP Rule 65, "[w]hen a district court has jurisdiction over all parties involved, it may enjoin later filed actions." *Decker Coal Co. v. Commonwealth Edison Co.*,

805 F.2d 834, 843-44 (9th Cir. 1986) (finding that the "trial court exercised sound judicial discretion in enjoining the later filed" action); *see also United States v. Oregon,* 657 F.2d 1009, 1016 n. 17 (9th Cir. 1981). "Absent special circumstances, the first case should proceed while the second case is enjoined." *Kiland v. Boston Scientific Corporation*, Case No: C 10-4105 SBA, at *9 (N.D. Cal. Apr. 1, 2011) (quoting *Broadcom Corp. v. Qualcomm Inc.*, No. SACV 05-468-JVS, 2005 WL 5925585, at *2 (C.D. Cal. Sept. 26, 2005)).

Courts in the Ninth Circuit analyze three factors to determine whether to adhere to the first-to-file rule: (1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues. *Kohn Law Grp, Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *Z-Line Designs, Inc. v. Bell'O Int'l LLC,* 218 F.R.D. 663, 665 (N.D. Cal. 2003). Complete identity of the issues and parties is not required; rather, they need only be "substantially similar" for the rule to apply. *Inherent.com v. Martindale–Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (quoting *Dumas v. Major League Baseball Properties Inc.*, 52 F. Supp. 2d 1183 (S.D. Cal.1999), vacated on other grounds by 104 F. Supp. 2d 1224 (S.D. Cal. June 21, 2000) aff'd, 300 F.3d 1083 (9th Cir.2002)).

As to the first factor, the Court looks to when the first complaint was filed. *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998). Here, Plaintiffs filed their complaint on April 15, 2021 at 2:18 p.m. Toberoff Decl., ¶ 5, Exh. B. Hours later, Defendants ran to the Central District to file the Second-Filed Action at 4:19 p.m. *Id.* at ¶ 6, Exh. C. Thus, the first factor weighs in Plaintiffs' favor.

As to the second factor, the parties are "substantially" the same, if not "identical." Plaintiffs' in this action are the only defendants in the Second-Filed Action. *See* ECF No. 1; Toberoff Decl., ¶ 2, Exh. A. This action names TCFFC as the primary defendant, the sole plaintiff in the Second-Filed Action. The other defendants are closely related entities as part of TCFFC's corporate hierarchy (*e.g.*, The Walt Disney Company is TCFFC's parent). *See* https://en.wikipedia.org/wiki/20th_Century_Studios. Thus, while the second factor of the first-to-file rule requires only *substantial similarity* in the parties rather than strict identity or

4
MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO ENJOIN SECOND-FILED ACTION

complete overlap[1], here, the parties are effectively identical. Accordingly, factor two is also satisfied and weighs in Plaintiffs' favor.

Regarding the third factor, "[a]s with the similarity of parties requirement, the similarity of issues requirement does not require that the issues in the two actions be identical." *Am. Newland Communities*, 2011 WL 5359335, at *3; *see Inherent.com*, 420 F. Supp. 2d at 1097. Despite this lower bar, the issues in these two matters *are* identical. In this action, Plaintiffs seek declaratory relief that their copyright termination notice(s) served on TCFFC are valid. *See* ECF No. 1. In the Second-Filed Action, TCFFC seeks declaratory relief holding the opposite. Toberoff Decl., ¶ 2, Exh. A. Thus, because "the similarity in allegations would require the court to make similar determinations" in both cases, "the first-to-file rule [] appl[ies]." *Adoma*, 711 F. Supp. 2d at 1148 (citing *Jumapao v. Washington Mutual Bank*, No. 06-CV-2285, 2007 WL 4258636, at *1 (S.D. Cal. Nov. 30, 2007)).

Accordingly, all three factors of the first-to-file rule are satisfied and weigh in favor of enjoining TCFFC's Second-Filed Action.

**B.     No Exceptions to the First-to-File Rule are Relevant or Applicable**

In the Ninth Circuit, as in most circuits, the first-to-file rule operates as a presumption that a case should proceed where it was first filed in the plaintiff's chosen forum unless a relevant exception applies. *Pacesetter Sys., Inc.*, 678 F.2d at 95; *see also* Andrew Fuller, *A "Procedural Nightmare": Dueling Courts and the Application of the First-Filed Rule*, 69 Fla. L. Rev. 657, 664 (2017). Furthermore, "[t]he court with the first-filed action…should be the one to decide whether an exception to the first-to-file rule applies." *Martin v. Geltech Solutions, Inc.*, No. 09-04884 CW, 2010 WL 2287476, at *2 (N.D. Cal. June 4, 2010); *see also Meru Networks, Inc. v. Extricom Ltd.*, No. C-10-02021 RMW, 2010 WL 3464315 (N.D. Cal. Aug. 31, 2010) (deferring to first-filed court to decide); *USA Scientific, LLC v. Rainin Instr., LLC*, No. C 06-4651 SBA, 2006 WL 3334927 (N.D. Cal. Nov. 16, 2006) (same).

---

[1] *See Am. Newland Communities, L.P. v. Axis Specialty Ins. Co.*, No. 11-CV-1217, 2011 WL 5359335, at *2 (S.D. Cal. Nov. 7, 2011); *Inherent.com*, 420 F. Supp. 2d at 1097; *Dumas*, 52 F. Supp. 2d at 1189.

No exceptions are relevant or applicable here. The first-to-file rule "is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc.*, 678 F.2d at 95; *see also Alltrade*, 946 F.2d at 627-28. Equitable considerations may include the first-filing party's bad faith, anticipatory forum shopping, or when the factors in 28 U.S.C. § 1404(a) (convenience of parties and witnesses) favor the second action. *Id.* (internal citations omitted); *W. Pac. Signal, LLC*, No. 18-cv-02307-LB, at *9; *Pacesetter*, 678 F.2d at 96.

Here, there is no indication of bad faith or any other equitable reason to disregard the well-established first-to-file rule. Plaintiffs served the Termination Notice on TCFFC pursuant to 17 U.S.C. § 203(a) on June 9, 2016, nearly five years in advance of its effective termination date of April 17, 2021. ECF No. 1, ¶¶ 31-32. Thus, TCFFC had almost *five years* to file an action for declaratory relief contesting Plaintiffs' statutory termination. *Id.* at ¶ 34. Instead, TCFFC chose to do so hours after Plaintiffs filed *their* action for declaratory relief. There is simply no indication that Plaintiffs filed suit in bad faith or for an improper purpose.

The anticipatory suit exception generally applies where the first filing party, *unlike here*, is not the "natural plaintiff" and files suit first simply because it receives "specific, concrete" notice that the party is about to be sued. *Inherent.com*, 420 F. Supp. 2d at 1097-98; *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994); *see also IBC Mfg. Co. v. Berkshire Hathaway Specialty Ins. Co.*, No. 3:16-cv-00908-SI, at *9-10 (D. Or. Aug. 29, 2016) (addressing "natural plaintiff" factor in context of anticipatory suit exception). This Court has held that even (i) a letter suggesting the possibility of legal action in order to encourage negotiations, or (ii) a reasonable apprehension that a controversy exists sufficient to entitle a party to declaratory relief are not equivalent to an "imminent threat of litigation." *Intersearch Worldwide v. Intersearch Group*, 544 F. Supp. 2d 949, 960-61 (N.D. Cal. 2008). The mere filing of a declaratory relief action to resolve an active dispute does not necessarily constitute an "anticipatory suit." *Id.* at 960-62.

Here, the Second-Filed Action by TCFFC is a mirror-image declaratory relief action. Yet Plaintiffs *are* the natural plaintiffs. *They* exercised their authorial termination rights under the Copyright Act, serving TCFFC with a termination notice in 2016, wherein *they* sought to

6

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO ENJOIN SECOND-FILED ACTION

recapture the copyright to their original screenplay. And all was fine until TCFFC suddenly contested Plaintiffs' notice nearly five years later. Plaintiffs' filing an action for declaratory relief to enforce their termination rights under the Copyright Act was the natural, appropriate response to TCFFC's conduct. The anticipatory suit exception does not apply.

Forum shopping, which goes hand-in-hand with the anticipatory suit exception, is likewise inapplicable. *Alltrade*, 946 F.2d at 628. There is no indication here of forum shopping. The courts in both actions are in California, and venue is also proper here, as this Court indisputably has personal jurisdiction over the parties. 28 U.S.C. § 1391(c)(2).

Finally, while the 28 U.S.C. § 1404(a) factors are sometimes considered, they carry far less weight and are more applicable to a *motion to transfer venue* pursuant to the first-to-file rule. *Pars Equal. Ctr. v. Pompeo*, No. C18-1122JLR, at *16 (W.D. Wash. Dec. 11, 2018). Moreover, even on a motion to transfer, the determination should not turn on section 1404(a) considerations. *Priddy v. Lane Bryant, Inc.*, No. 08-06889 MMM (CWx), 2008 WL 11410109, at *9, n.52 (C.D. Cal. Nov. 24, 2008) ("As other district courts have pointed out, a motion to transfer pursuant to the first-to-file rule does not depend on the presence or absence of the § 1404 (a) considerations."). Nonetheless, Plaintiffs will address these factors—the convenience of the parties and witnesses—as they can readily be dispensed with. First, neither of these actions requires witnesses. Both cases solely concern the validity of Plaintiffs' copyright termination notice(s) under the Copyright Act, 17 U.S.C. § 203(a), presenting a question of law. Second, there is nothing inconvenient about litigating this action in the Northern District of California in San Francisco. TCFFC's counsel has offices in San Francisco. *See* https://www.omm.com/locations/san-francisco. Any alleged inconvenience is non-existent or negligible. Travel from Los Angeles to San Francisco on frequently scheduled flights is neither difficult nor expensive. Nor will frequent trips be necessary given the streamlined nature of this case and the likelihood that it can be decided as a matter of law on summary judgment. The section 1404(a) factors are therefore inapposite and do not defeat the presumption that this case should proceed where it was first filed. In sum, litigating in the

Northern District of California does not present challenges that justify disregarding the first-to-file rule—as cautioned against in *Alltrade, Inc.*, 946 F.2d at 625.

Accordingly, there are no equitable exceptions that would justify overriding the well-established first-to-file rule and depriving Plaintiffs of their chosen forum. The principles of equity and efficient judicial administration weigh in favor of applying the first-to-file rule and enjoining TCFFC from proceeding with the duplicative Second-Filed Action.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that the Motion be granted.

DATED:  April 16, 2021          TOBEROFF & ASSOCIATES, P.C.

By: */s/ Marc Toberoff*
      Marc Toberoff
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
mtoberoff@toberoffandassociates.com

Attorneys for Plaintiffs James E. Thomas
and John C. Thomas

# PROOF OF SERVICE BY FIRST CLASS MAIL

I, Breck Kadaba, declare:

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA 90265. On April 16, 2021, I caused the following documents:

**NOTICE OF MOTION AND MOTION TO ENJOIN SECOND-FILED ACTION; DECLARATION OF MARC TOBEROFF; and [PROPOSED] ORDER GRANTING MOTION TO ENJOIN SECOND-FILED ACTION**

to be served by First Class Mail on the following attorneys of record, at the address listed below:

Daniel M. Petrocelli
O'Melveny & Myers, LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067

Attorneys for Defendants Twentieth Century Fox Film Corporation; TFCF Corporation; TFCF Entertainment Group, LLC; 20th Century Studios, Inc.; and The Walt Disney Company

I certify under penalty of perjury that the foregoing is true and correct. Executed on April 16, 2021 in Malibu, California.

                                                                     /s/ Breck Kadaba
                                                                      Breck Kadaba