UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JAMES E. THOMAS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION, et al.,<br><br>    Defendants. | Case No. 21-cv-02720-LB<br><br>**ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>Re: ECF Nos. 12 & 27 |

## INTRODUCTION

The plaintiffs are two brothers — James Thomas and John Thomas — who wrote the screenplay for the movie *Predator*, released in 1987 by defendant Twentieth Century Fox Film Corporation.[1] In 1986, the Thomases transferred their rights in the screenplay (including the right of publication) to Twentieth Century. In 2016, they served Twentieth Century with a notice terminating the transfer effective April 17, 2021.[2] *See* 17 U.S.C. § 203 (allowing termination during a defined window). In 2021, the parties disputed whether the notice was premature. The Thomases then served two

---

[1] Compl. – ECF No. 1 at 3 (¶ 7). The other defendants are the Walt Disney Company, 20th Century Studios, TFCF Entertainment Group, and TFCF Corporation. *Id.* at 3–4 (¶¶ 12–15). The defendants contend that only Twentieth Century Fox Film Corporation is a necessary defendant. Mot. – ECF No. 27 at 5 n.1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. – ECF No. 1 at 7–8 (¶¶ 27–33).

ORDER – No. 21-cv-02720-LB

alternative termination notices, and Twentieth Century served counternotices identifying deficiencies in the Thomases' notices.[3] During the week of April 12, 2021, the lawyers talked about settlement and Twentieth Century's plan to file a declaratory-relief action in the Central District of California. The Thomases filed a declaratory-relief action here on April 15, 2021 to establish that their termination notices were valid. Two hours later, Twentieth Century filed its action in the Central District to establish that the notices were invalid. The Thomases moved to enjoin the Central District case, and Twentieth Century moved to dismiss this case (or transfer it to the Central District) for lack of venue and because the dispute has no connection to this district.[4] The court transfers the case to the Central District.

**STATEMENT**

The facts in this Statement are undisputed.

The Thomases live in Santa Barbara, which is in the Central District.[5] Twentieth Century has its principal place of business in Los Angeles County, also in the Central District.[6] The lawyers for the parties are in Los Angeles.[7] The Thomases transferred the rights to the screenplay to Twentieth Century in 1986. In 2016, the Thomases — through their counsel in Malibu — served Twentieth Century (in Los Angeles) and an affiliate (in New York) with a notice to terminate that transfer (effective April 17, 2021).[8] In early January 2021, the plaintiffs served two amended notices — again through their counsel in Malibu — on Twentieth Century in Los Angeles and Disney in

---

[3] *Id.* at 8–9 (¶¶ 34–36).

[4] *Id.* at 9–10 (¶¶ 37–42); *Twentieth Century Fox Film Corp. v. Thomas*, No. 2:21-cv-03272-GW-JEM, Compl. – ECF No. 1 (C.D. Cal. Apr. 15, 2021); Mot. – ECF No. 12; Mot. – ECF No. 27.

[5] Compl. – ECF No. 1 at 3 (¶¶ 9–10).

[6] *Id.* at 3 (¶ 11). Walt Disney Company is the parent company for all defendants and has its principal place of business in Los Angeles County. 20th Century Studios has its principal place of business in Los Angeles County, and TFCF Entertainment Group, and TFCF Corporation have their principal places of business in New York. *Id.* at 3–4 (¶¶ 12–15); Mot. – ECF No. 27 at 9 n.4.

[7] *See* Docket.

[8] Compl. – ECF No. 1 at 7 (¶ 28), 8 (¶¶ 31–32); Kennedy Decl.– ECF No. 27-2 at 2–3 (¶ 4.b) & Notice, Ex. B at 25–28.

1  Burbank.[9] Counsel for Twentieth Century served its counternotices — one on January 13, 2021,
2  the second on March 25, 2021, and the third on April 7, 2021 — on the Thomases' counsel in
3  Malibu.[10] Nothing about the dispute occurred in the Northern District: the witnesses are in the
4  Central District, and the documents are there.[11]

5  The parties' negotiations about their dispute took place there too, through their lawyers,
6  especially during the week of April 12, 2021, when the parties discussed settlement and Twentieth
7  Century's anticipated lawsuit.[12] (By this point, the Thomases contemplated a lawsuit too.[13]) On
8  April 13, 2021, Twentieth Century's counsel suggested that — given Twentieth Century's intent
9  to file a lawsuit — the Thomases "should promptly make a proposal to resolve the matter." The
10 next day, the Thomases' counsel said that he would send a financial proposal later that day or the
11 next day. He sent it on April 15, 2021 at about 10 a.m. At 2:18 p.m. — before Twentieth Century
12 had an opportunity to respond — the Thomases filed this lawsuit.[14] Twentieth Century filed its
13 lawsuit two hours later in the Central District.[15]

14 The next day, the Thomases moved to enjoin the Central District case under the first-to-file
15 doctrine, and four days later Twentieth Century moved here to dismiss the case (or transfer it to
16 the Central District).[16] All parties consented to magistrate-judge jurisdiction under 28 U.S.C. §
17 636.[17] The court held a hearing on June 10, 2021.

---

[9] Compl. – ECF No. 1 at 8–9 (¶¶ 34–35); Kennedy Decl. – ECF No. 27-2 at 2–3 (¶ 4.c–d) & Notices, Exs. C–D at 29–38.

[10] Kennedy Decl. – ECF No. 27-2 at 3 (¶ 4.e–f) & Counternotices, Exs. E–F at 39–68; Petrocelli Decl. – ECF No. 27-1 at 2 (¶ 7).

[11] Kennedy Decl. – ECF No. 27-2 at 3–4 (¶ 5).

[12] Petrocelli Decl. – ECF No. 27-1 at 2–3 (¶¶ 4, 6, 8–9). The court does not consider Twentieth Century's counsel's email about the timing of the filings because it does not matter. Reply – ECF No. 37 at 6 (the court does not need to resolve the dispute).

[13] Toberoff Decl. – ECF No. 34-1 at 3 (¶¶ 8–9) (at about the same time that Twentieth Century served its first counternotice, the Thomases heard media reports about a new *Predator* movie or TV series and as a result, began preparing to file this lawsuit).

[14] Petrocelli Decl.– ECF No. 27-1 at 3 (¶¶ 8–12).

[15] *Id.* at 4 (¶ 14); *Twentieth Century*, No. 2:21-cv-03272-GW-JEM, Compl. – ECF No. 1.

[16] Mot. – ECF No. 12; Mot. – ECF No. 27.

[17] Consents – ECF Nos. 26 & 30.

# GOVERNING LAW

## 1. Venue

"A civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

If venue is improper, the court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## 2. 28 U.S.C. § 1404

28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although Congress drafted § 1404(a) in accordance with the doctrine of forum non conveniens, it was intended to be a revision to rather than a codification of the common law. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Thus, a § 1404(a) transfer is available "upon a lesser showing of inconvenience" than that required for a forum non conveniens dismissal. *Norwood*, 349 U.S. at 32.

The burden is upon the moving party to show that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Nonetheless, the district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see Westinghouse Elec. Corp. v. Weigel*, 426 F.2d 1356, 1358 (9th Cir. 1970).

An action may be transferred to another court if (1) that court is one where the action might have been brought, (2) the transfer serves the convenience of the parties, and (3) the transfer will

promote the interests of justice. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citing 28 U.S.C. § 1404(a)). The Ninth Circuit has identified additional factors that a court may consider in determining whether a change of venue should be granted under § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. Courts may consider "the administrative difficulties flowing from court congestion . . . [and] the 'local interest in having localized controversies decided at home.'" *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quoting *Piper Aircraft*, 454 U.S. at 258 n.6).

Generally, the court affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). But when judging the weight to be given to plaintiff's choice of forum, consideration must be given to the respective parties' contact with the chosen forum. *Id.* "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled only minimal consideration." *Id.*

### 3. First-to-File Rule

"[T]he well-established 'first to file rule' . . . allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court[.]" *Alltrade, Inc. v. Uniweld Prods.*, Inc., 946 F.2d 622, 623 (9th Cir. 1991). "The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013) (citing *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). "The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (cleaned up). Courts consider three factors when considering the first-to-

file rule: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id*. at 1240 (citation omitted). "[D]istrict court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity. But it is not an abuse of discretion, and therefore not reversible error, for a district court judge to weigh the facts and conclude that the rule should apply." *Alltrade*, 946 F.2d at 628.

## ANALYSIS

The parties do not dispute that the case could have been brought in the Central District of California. They dispute only whether it belongs here, given the plaintiffs' choice of forum under the first-to-file rule, or whether venue is only in the Central District (or at least, whether the dispute should be addressed there). Based on the "convenience of the parties and witnesses, [and] in the interest of justice," 28 U.S.C. § 1404(a), the court transfers the case to the Central District. Twentieth Century has made the necessary showing to overcome the plaintiffs' choice of forum, and the other factors weigh in favor of transfer.

First, no acts relevant to the dispute occurred here. Witnesses and evidence are in the Central District, not here. The convenience of the parties and witnesses favors the Central District. *See e.g., Agasino v. Am. Airlines Inc.*, No. 19-cv-03243, 2019 WL 3387803, at *5 (N.D. Cal. July 26, 2019) (there was "no showing that there is a single witness or a single piece of evidence in this district"). The court thus accords the plaintiffs' choice of forum minimal deference. *Belzberg*, 834 F.3d at 739.

Second, "[a] district court hearing a motion to transfer must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and other interests of justice." *Chesapeake Climate Action Network v. Export-Import Bank*, No. C 13-03532 WHA, 2013 WL 6057824, at *3 (N.D. Cal. Nov. 15, 2013). Among other public-interest factors, the Central District has a stronger local interest in deciding the case because the events happened there, and the parties reside there.

In sum, transfer of the case to the Central District is appropriate under § 1404(a).

The remaining issue is whether dismissal for lack of venue under 28 U.S.C. § 1406(a), not transfer under § 1404(a), is the appropriate remedy. In exercising its discretion, a court considers

the facilitation of an "expeditious and orderly adjudication of the case and controversy on its merits." *Carter v. Reese*, No. C 12-5537 MMC, 2013 WL 1149812, at *2 (N.D. Cal. Mar. 19, 2013) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)) (cleaned up).

Twentieth Century contends that dismissal, not transfer, is appropriate, primarily because the plaintiffs filed here precipitously, knowing that Twentieth Century planned to file a lawsuit in the Central District.[18] That argument has resonance for the reasons that Twentieth Century advances. Also, the plaintiffs conceded at the hearing that this case is the "mirror image" of the Central District case. That said, the transfer analysis is clean and results in a faster end to the case here and an expeditious adjudication of the dispute in the Central District. (The plaintiffs' venue and jurisdictional arguments, and their requests for more briefing, are examples of why this is so.).

## CONCLUSION

The court transfers the case to the Central District of California. Given this ruling, the court denies the plaintiffs' motion to enjoin the case there as moot. This disposes of ECF Nos. 12 and 27.

**IT IS SO ORDERED.**

Dated: June 15, 2021

LAUREL BEELER
United States Magistrate Judge

---

[18] Reply – ECF No. 37 at 13–15.